1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  VICTORIA REYES;
    JOSE REYES, JR.,
11
                Plaintiffs,              No. 2:09-cv-03114 GEB KJN PS
12
          v.
13
    JOSEPH MODESTO; DAVID              ORDER
14  JAKABOSKY; MICHELLE DAVIS-
    TATE; RICHARD WINTERS; and
15  NANCY MEUER

16              Defendants.

17  _____/

18              Plaintiffs, who are proceeding without counsel, filed their complaint on November

19  9, 2009.[1]  (Dkt. No. 1.)  Presently before the court is plaintiffs' third application to proceed

20  without prepayment of fees, or in forma pauperis.  (Dkt. No. 7.)  For the reasons stated below, the

21  undersigned will grant the application to proceed in forma pauperis, but will dismiss the

22  complaint without prejudice.  Plaintiffs will be granted leave to file an amended complaint.

23  ////

24  _____

25          [1]  This case was referred to the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered
26  February 9, 2010 (Dkt. No. 3).

                                        1

I.      Application to Proceed In Forma Pauperis

Plaintiff Victoria Reyes has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Dkt. No. 7.)  On two previous occasions, she filed incomplete applications to proceed in forma pauperis, and the court ordered her to submit a third application.  Although her third application remains unclear in certain respects, the undersigned is able to conclude that her application and declaration make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned will grant plaintiffs' request to proceed in forma pauperis.

II.     Screening of the Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

1  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2  draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness

3  v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.

4  Ct. at 1949).  The court accepts "all facts alleged as true and construes them in the light most

5  favorable to the plaintiff."  County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1

6  (9th Cir. 2009).  The court is "not, however, required to accept as true conclusory allegations that

7  are contradicted by documents referred to in the complaint, and [the court does] not necessarily

8  assume the truth of legal conclusions merely because they are cast in the form of factual

9  allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must

10  construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a

11  plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it

12  appears at all possible that the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

13            Upon review of the complaint, the undersigned will dismiss the complaint for

14  failure to comply with the pleading standards described above.  However, plaintiffs will be

15  granted leave to file an amended complaint.

16            The federal civil cover sheet[2] filed by plaintiffs indicates that they are suing

17  defendants for a violation of their civil rights based on wrongful death.  (Dkt. No. 1, Document

18  No. 1-2.)  Plaintiffs' complaint is difficult to understand because it is hand-written and also

19  causes confusion because of a lack of punctuation; however, it appears to allege the following

20  facts:  Plaintiff Reyes alleges that on May 30, 2007, she was at her mother's home in West

21  Sacramento, California.  (Pl.'s Compl. at 2.)  She alleges that she was on parole in Sacramento

22

23            [2]  Attached to plaintiffs' complaint is civil cover sheet from the Yolo County Superior
    Court, file stamped August 28, 2009, in case number P009-2286.  (Dkt. No. 1 at 4.) The cover
24  sheet indicates that plaintiffs were at some point represented by counsel, Cyrus Zal, and filed a
    wrongful death complaint against the same named defendants in state court.  (Id.)  The record
25  before the undersigned does not elucidate the status of that litigation, but the presence of a
    pending lawsuit in state court may present questions regarding whether this court has
26  jurisdiction, or should exercise jurisdiction, over the federal case.

County and that her parole officer was Jerry Brown, who is not named as a defendant.  (Id.)  She

further alleges that:

> On May 30, 2009, along with others claimant believes that the officers [illegible][3] were responsible for causing my unborn daughter Makayla Monigue Reyes to be still born on August 28, 2007 claimant also suffered offied physical injuries when she was violently thrown too ground.  Bye officers of West Sacramento . on May 30, 2007 including the loss of one of her front tooth.

(Id.)  Several aspects of these allegations are unclear such that the complaint does not provide

sufficient notice of the conduct that forms the basis of plaintiffs' claims for relief.  First, it is

unclear whether plaintiffs are alleging that the events leading to plaintiff Reyes's unborn

daughter's still-birth took place on May 30, *2007* or May 30, *2009*.  Furthermore, due to the lack

of punctuation it is unclear whether August 28, 2007 was the date of the still-birth or whether

August 28, 2007 was the date that plaintiff Reyes was allegedly thrown to the ground and

suffered injuries to her tooth.  Moreover, it is unclear whether the events that caused the still-

birth of plaintiff Reyes's unborn daughter were the same events that led to plaintiff Reyes's other

physical injuries.

Most importantly, however, is the fact that plaintiffs have completely failed to

allege how any of the named defendants—defendants Modesto, Jakabosky, Davis-Tate, Winters,

and Meuer—were personally involved in violating their rights.  Plaintiffs have the responsibility

to allege facts to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949; Moss v. U.S. Secret

Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Because plaintiffs do not make any factual allegations

as to these defendants, they cannot proceed against these defendants unless they cure these

deficiencies in an amended complaint.

In the remainder of the one-page complaint, plaintiffs allege the following:

> My daughter died and He said He would help me he oley help . Giving me $350.00/ as Loan, and my Daughter and son EliJAH Reyes Jada Reyes are

---

[3]  The word that the undersigned has characterized as illegible reads: "CmaHaffey."  (Pl.'s Compl. at 2.)

4

1                 still custody at This time NO visits and I work for IHSS 2 Jobs at this
                Time I've been doing the Best I can and go to School, WyotecH, W Sac
2                 916 533-2147 Please help are family [remainder cut off].

3 (Id.)  Other than the allegation that the daughter died, it is unclear how any of these allegations

4 support or relate to any of plaintiffs' claims against defendants.  Moreover, it is entirely unclear

5 who "He" is and what relevance "He" has to this lawsuit.

6                 Based on the foregoing, the undersigned will dismiss plaintiffs' complaint.

7 However, plaintiffs will be granted leave to file an amended complaint that complies with Rule 8

8 and corrects the deficiencies addressed herein.  Lopez, 203 F.3d at 1126-27 (district courts must

9 afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

10 Should plaintiffs choose to file an amended complaint, they shall identify each defendant in both

11 the caption and the body of the amended complaint, and clearly set forth the allegations against

12 each such defendant.

13                 Plaintiffs shall also specify a basis for this court's subject matter jurisdiction.

14 Generally, original federal subject matter jurisdiction may be premised on two bases: (1) federal

15 question jurisdiction, or (2) diversity jurisdiction.  District courts have federal question

16 jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United

17 States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates

18 the cause of action or 'where the vindication of a right under state law necessarily turn[s] on

19 some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086,

20 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers

21 Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question

22 jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

23 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

24 pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091

25 (9th Cir. 2009).  District courts have diversity jurisdiction over "all civil actions where the matter

26 in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

1   action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

2   of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

3   state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

4   different States."  28 U.S.C. § 1332.

5           Additionally, plaintiffs are informed that the court cannot refer to prior pleadings

6   in order to make an amended complaint complete.  Local Rule 220 requires that an amended

7   complaint be complete in itself.  This is because, as a general rule, an amended complaint

8   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The

9   amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

10  Accordingly, once plaintiff files an amended complaint, the original no longer serves any

11  function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original

12  complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644

13  F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer

14  defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

15          Finally, the undersigned cautions plaintiffs that failure to comply with the Federal

16  Rules of Civil Procedure, this court's Local Rules, or any court order may result in a

17  recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); Local Rules 110,

18  183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

19  2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure

20  41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure

21  or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to

22  follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d

23  565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern

24  other litigants.").

25          For the reasons stated above, IT IS HEREBY ORDERED that:

26          1.      Plaintiffs' application for leave to proceed in forma pauperis (Dkt. No. 7)

6

1    is granted;

2             2.      Plaintiffs' complaint is dismissed with leave to amend; and

3             3.      Plaintiff is granted thirty (30) days from the date of service of this order to

4    file an amended complaint that is complete in itself.  The amended complaint must bear the

5    docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff must

6    file an original and two copies of the amended complaint.  Failure to timely file an amended

7    complaint in accordance with this order will result in a recommendation that this action be

8    dismissed.

9    DATED:  April 22, 2010

10

11

12                                          _____

13                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26