IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA REYES;<br>JOSE REYES, JR., | |
| Plaintiffs, | No. 2:09-cv-03114 GEB KJN PS |
| v. | |
| JOSEPH MODESTO; DAVID JAKABOSKY; MICHELLE DAVIS-TATE; RICHARD WINTERS; and NANCY MEUER | |
| Defendants. | ORDER |

Plaintiffs are proceeding without counsel and in forma pauperis. After granting plaintiffs' previous application to proceed in forma pauperis, the court screened plaintiffs' complaint and dismissed it without prejudice. (Dkt. No. 10.) On September 22, 2010, plaintiffs filed a First Amended Complaint alleging violations of 42 U.S.C. § 1983 in connection with the alleged physical assault of plaintiff Victoria Reyes by defendants and resulting death of plaintiffs' unborn daughter. (Dkt. No. 14.) They also filed another application to proceed in forma pauperis. (Dkt. No. 15.) For the reasons stated below, the undersigned will order service of the First Amended Complaint, but will deny plaintiffs' application to proceed in forma pauperis as moot.

1

I.       Application to Proceed In Forma Pauperis

Although the court previously granted plaintiffs' application to proceed in forma pauperis (Dkt. Nos. 7, 10), plaintiffs have filed another such application (Dkt. No. 15). The newly-filed application and declaration make the showing required by 28 U.S.C. § 1915(a)(1). Nevertheless, plaintiffs' application will be denied as moot because the court has already granted plaintiffs in forma pauperis status.

II.      Screening of the First Amended Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The undersigned cannot conclude on the present record that plaintiffs' action is frivolous, that their First Amended Complaint fails to state claims on which relief can be granted, or that they seek monetary relief from an immune defendant. The undersigned reserves decision as to plaintiffs' claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiffs' First Amended Complaint through a timely motion filed pursuant to Federal Rule of Civil Procedure 12, or other appropriate method of challenging plaintiffs' pleading. Accordingly, the undersigned will order service of the First Amended Complaint on the following defendants: Joseph Modesto, David Jakobosky, Michelle Davis-

Tate, Richard Winters, and Nancy Meuer.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' application to proceed in forma pauperis (Dkt. No. 15) is denied as moot.

2. Service of plaintiffs' First Amended Complaint is appropriate for the following five defendants: Joseph Modesto, David Jakobosky, Michelle Davis-Tate, Richard Winters, and Nancy Meuer.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiffs five USM-285 forms, one summons, an endorsed copy of the First Amended Complaint filed September 22, 2010 (Dkt. No. 14), this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiffs are advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the First Amended Complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served; and

6. Plaintiffs shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, with copies of this court's

3

1 scheduling order and related documents, within 90 days of receipt of the required information
2 from plaintiffs, without prepayment of costs. *The United States Marshal shall, within 10 days*
3 *thereafter, file a statement with the court that such documents have been served.* If the U.S.
4 Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall
5 promptly report that fact, and the reasons for it, to the undersigned.

      8.    The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

      9.    Plaintiffs' failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: September 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4