IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA REYES; JOSE REYES, JR., | |
| Plaintiffs, | No. 2:09-cv-03114 KJM KJN PS |
| v. | |
| JOSEPH MODESTO; DAVID JAKABOSKY; MICHELLE DAVIS-TATE; RICHARD WINTERS; and NANCY MEUER | |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

As previously scheduled and noticed, the undersigned conducted a Status (Pretrial Scheduling) Conference ("Scheduling Conference") in this case on June 16, 2011, at 10:00 a.m., in Courtroom 25.[1] (Minutes, June 16, 2011, Dkt. No. 29; Order, Mar. 23, 2011, at 3-4, Dkt. No. 28; Order Setting Status Conf. at 2, Dkt. No. 17.) The undersigned called this matter during the civil law and motion calendar, and no appearance was made on behalf of the plaintiffs. By these findings and recommendations, the undersigned recommends that plaintiffs' action be dismissed without prejudice for failure to effectuate service of the First Amended Complaint

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

within the time period permitted by Federal Rule of Civil Procedure 4(m).

Plaintiffs filed their First Amended Complaint on September 22, 2010 (First Am. Compl., Dkt. No. 14), and are proceeding without counsel and in forma pauperis. On September 29, 2010, the undersigned ordered service of plaintiffs' First Amended Complaint on the five named defendants. (Order, Sept. 29, 2010, Dkt. No. 16.) In order to effectuate service of the First Amended Complaint on defendants, the court's order required plaintiffs to submit to the United States Marshal within 30 days, among other things, completed USM-285 forms for each defendant to be served. The USM-285 form requires that plaintiffs enter the addresses for service and other information for each defendant to be served.

On October 28, 2010, plaintiffs filed a one-page request for assistance in acquiring the addresses and other information pertaining to the named defendants that plaintiffs require to complete the USM-285 forms. (Dkt. No. 19.) The undersigned denied plaintiffs' request without prejudice. (Order, Nov. 9, 2010, Dkt. No. 20.)

On December 2, 2010, plaintiff Jose Reyes, Jr. filed a request for a 60-day extension of time in which to complete the USM-285 forms and return them to the United States Marshal. (Dkt. No. 21.) The undersigned granted the request for an extension of time. (Order, Jan. 20, 2011, Dkt. No. 23.) Plaintiffs failed to submit the required service-related documents within the extended period of time.

On March 18, 2011, Mr. Reyes filed yet another request for an extension of time in which to complete the USM-285 forms and return them to the United States Marshal. (Dkt. No. 27.) It appeared that plaintiffs had secured the service-related information for two of the named defendants, but had not secured the information pertaining to the remaining named defendants. It appears that plaintiffs did not provide the information they had to the U.S. Marshal. The undersigned granted plaintiffs' request for an extension and provided plaintiffs with 30 additional days to submit the required service related information and documents. (See Order, March 23, 2011, at 2-3.) The undersigned warned plaintiffs that "*This extension*

*constitutes the final extension that the undersigned will approve*," and that "[i]f plaintiffs fail to submit the required service-related information and documents to the United States Marshal in the time permitted, the undersigned will dismiss plaintiffs' case without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." (Id. at 2 (footnote omitted).)

It appears from the court's docket that plaintiffs have taken no action in response to the court's March 23, 2011 order. Additionally, plaintiffs failed to appear at the Scheduling Conference to explain any such failure to act. In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court ordered service of the First Amended Complaint on September 29, 2010, and service has not been effectuated on any defendant. Accordingly, the undersigned recommends that plaintiffs' action be dismissed without prejudice pursuant to Rule 4(m).

For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiffs' action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District

////

Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED:  June 17, 2011

                                      _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE