1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  VICTORIA REYES;
    JOSE REYES, JR.,
11
              Plaintiffs,              No. 2:09-cv-03114 KJM KJN PS
12
         v.
13
    JOSEPH MODESTO; DAVID
14  JAKABOSKY; MICHELLE DAVIS-
    TATE; RICHARD WINTERS; and
15  NANCY MEUER,

16            Defendants.             FINDINGS AND RECOMMENDATIONS

17  _____/

18            Presently before the court is plaintiffs' motion to reopen this action, which is

19  essentially a motion for relief from a final judgment, and accompanying, renewed application to

20  proceed in forma pauperis (Dkt. Nos. 33-34).[1]  Additionally, plaintiffs recently opened a separate

21  action entitled <u>Reyes v. West Sacramento Police, et al.</u>, No. 2:12-cv-00004 KJM KJN PS (E.D.

22  Cal) ("<u>Reyes II</u>"), which is redundant of this action.[2]  For the reasons stated below, the

23  _____

24       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
25
         [2]  The undersigned notes that plaintiff Victoria Reyes previously sued, through legal
26  counsel, the City of West Sacramento in an action that appears to be redundant of this action, but

1

1   undersigned recommends that: (1) this action be re-opened and that plaintiffs be permitted to

2   effectuate service of process through the United States Marshal's office or file a Second

3   Amended Complaint; (2) plaintiffs' recently filed application to proceed in forma pauperis be

4   denied as moot; and (3) the Clerk of Court be directed to administratively close the Reyes II case.

5           In November 2009, plaintiffs filed their complaint and application to proceed in

6   forma pauperis.  Because of plaintiffs' constantly changing addresses and apparent inability to

7   follow the court's rules and orders, the court had significant trouble completing the screening and

8   service process pursuant to 28 U.S.C. § 1915.  The court was of the impression that plaintiffs

9   were attempting to proceed in good faith, but with great difficulty.

10          Eventually, on September 22, 2010, the court ordered that plaintiffs' First

11  Amended Complaint (Dkt. No. 14) be served on defendants via the U.S. Marshal's office (Order,

12  Sept. 29, 2010, Dkt. No. 16).  Between September 2010 and June 2011, however, plaintiffs had

13  great difficulty complying with the court's service order and ultimately ceased communicating

14  with the court about their whereabouts and intentions to prosecute this case; both plaintiffs

15  appear to have been in and out of jail or prison, which has contributed to the tortured history of

16  this case.

17          Plaintiffs ultimately failed to appear at a status conference on June 16, 2011 (Dkt.

18  No. 29).  The undersigned subsequently filed findings and recommendations that recommended

19  the dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m)

20  (Dkt. No. 30).  Those findings and recommendations were adopted, this case was dismissed

21  without prejudice, and judgment was entered on October 18, 2011 (Dkt. Nos. 31-32).

22          However, on December 9, 2011, plaintiff Victoria Reyes filed the pending motion

23  to reopen this case.  Ms. Reyes appears to argue that she was not served with any documents

24  _____

25  did not name any individual defendants.  (See Reyes v. City of West Sacramento, No. 2:08-cv-
    01219 MCE EFB (E.D. Cal.).)  The City of Sacramento obtained summary judgment against Ms.
26  Reyes in that action, and the court also denied Ms. Reyes's untimely request to amend her
    complaint to add the five individual law enforcement officers who are named in this action.

while she was in prison, including the order dismissing this case and the final judgment.  The

undersigned presumes that plaintiffs seek relief from the final judgment pursuant to Federal Rule

of Civil Procedure 60(b).  Although plaintiffs are solely responsible for their case being

dismissed, having not kept the court informed of their addresses even while incarcerated, the

undersigned recommends that this case be reopened pursuant to Rule 60(b)(1), which provides

that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or

excusable neglect."  Fed. R. Civ. P. 60(b)(1).  **However, plaintiffs are once again reminded**

**that it is _their_ obligation to keep the court apprised of their current address and other**

**contact information at all times.**[3]

        If the district judge assigned to this matter adopts the recommendation that this

case be reopened, the undersigned further recommends that plaintiffs be permitted to either

attempt to effectuate service through the U.S. Marshal's office or file a Second Amended

Complaint.  The reason for provision of an option to amend the First Amended Complaint is that

plaintiffs' newly filed action names an additional defendant, the "West Sacramento Police," and

plaintiff may wish to amend their First Amended Complaint in this action to name the West

Sacramento Police as a defendant.  Of course, the undersigned would screen any Second

Amended Complaint to determine whether service of that pleading would be proper under 28

U.S.C. § 1915(e).

        Furthermore, the undersigned recommends that plaintiffs' application to proceed

in forma pauperis filed on December 9, 2011, be denied as moot.  Plaintiffs are already

proceeding in forma pauperis and the filing of a subsequent application was unnecessary.

        Finally, the undersigned recommends that the Clerk of Court be directed to

---

[3] Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.  Separate notice shall be filed and served on all parties in each action in which an appearance has been made."

administratively close the <u>Reyes II</u> case.  Plaintiffs' claims in this case are redundant of their claims in <u>Reyes II</u>, and plaintiff will be afforded an opportunity to name the West Sacramento Police in this action.  Accordingly, there is no justifiable basis to keep <u>Reyes II</u> open.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1.      Plaintiffs' motion to reopen this case (Dkt. No. 33) be granted and that this case be reopened.

2.      Plaintiffs be given an option to either attempt to effectuate service of their First Amended Complaint through the U.S. Marshal's office or file a Second Amended Complaint, which would be subject to screening.

3.      Plaintiff's application to proceed in forma pauperis (Dkt. No. 34) be denied as moot.

4.      The Clerk of Court be directed to administratively close the action entitled <u>Reyes v. West Sacramento Police, et al.</u>, No. 2:12-cv-00004 KJM KJN PS (E.D. Cal).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

////

////

////

////

////

////

4

1  Failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d

3  1153, 1156-57 (9th Cir. 1991).

4                  IT IS SO RECOMMENDED.

5  DATED:  January 26, 2012

6

7                                          _____

8                                KENDALL J. NEWMAN
                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26