IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA REYES;
JOSE REYES, JR.,

        Plaintiffs,                No. 2:09-cv-03114 KJM KJN PS

    v.

JOSEPH MODESTO, et al.,

        Defendants.             ORDER TO SHOW CAUSE

                                    /

On October 18, 2011, the court dismissed this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) based on plaintiffs' failure to effectuate service of process on any of the defendants.[1] On March 27, 2012, the court granted plaintiffs' request to reopen the case and, in relevant part, entered the following order:

> Plaintiffs may either attempt to effectuate service of their First Amended Complaint through the U.S. Marshal's office or file a second amended complaint, which will be subject to screening. **Within 30 days of the date of this order, plaintiffs must file a notice with the court indicating whether they intend to effectuate service of their First Amended Complaint through the U.S. Marshal's office *or* file a second amended complaint.** Thereafter, the magistrate judge will enter a separate order

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

>     addressing the timing and other requirements addressed to the option
>     selected by plaintiffs.

(Order, Mar. 27, 2012, at 2 (emphasis in original), Dkt. No. 36.)

Plaintiffs failed to file the court-ordered notice and have taken no action in this case since the court entered the March 27, 2012 order. Accordingly, the court orders plaintiffs to show cause why this case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a) for failure to prosecute this action and comply with the court's orders.

Plaintiffs are advised that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

>     Any individual representing himself or herself without an attorney is
>     bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
>     and all other applicable law. All obligations placed on "counsel" by these
>     Rules apply to individuals appearing in propria persona. Failure to comply
>     therewith may be ground for dismissal . . . or any other sanction
>     appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Accordingly, IT IS HEREBY ORDERED that:

1. No later than June 22, 2012, plaintiffs shall show cause in writing why their case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a) for failing to prosecute this action and comply with the court's order.

2. Plaintiffs' failure to file the required writing shall constitute additional grounds for, and plaintiffs' consent to, the dismissal of their case with prejudice.

IT IS SO ORDERED.

DATED: June 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3