1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  VICTORIA REYES;
    JOSE REYES, JR.,

11
              Plaintiffs,              No. 2:09-cv-03114 KJM KJN PS
12
         v.
13
    JOSEPH MODESTO, et al.,
14
              Defendants.              FINDINGS AND RECOMMENDATIONS
15
    _____/
16

17            On October 18, 2011, the court dismissed this case without prejudice pursuant to

18  Federal Rule of Civil Procedure 4(m) based on plaintiffs' failure to effectuate service of process

19  on any of the defendants.[1]  On March 27, 2012, the court granted plaintiffs' request to reopen the

20  case and, in relevant part, entered the following order:

21            Plaintiffs may either attempt to effectuate service of their First Amended
              Complaint through the U.S. Marshal's office or file a second amended
22            complaint, which will be subject to screening. **Within 30 days of the
              date of this order, plaintiffs must file a notice with the court indicating**
23            **whether they intend to effectuate service of their First Amended**
              **Complaint through the U.S. Marshal's office *or* file a second amended**
24            **complaint.**  Thereafter, the magistrate judge will enter a separate order

25  _____

26       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

addressing the timing and other requirements addressed to the option selected by plaintiffs.

(Order, Mar. 27, 2012, at 2 (emphasis in original), Dkt. No. 36.)

Plaintiffs failed to file the court-ordered notice and have taken no action in this case since the court entered the March 27, 2012 order. Accordingly, the court ordered plaintiffs to show cause why this case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a) for failure to prosecute this action and failure to comply with the court's orders.[2] (Order to Show Cause ("OSC"), June 1, 2012, at 3, Dkt. No. 37.) Plaintiffs failed to respond to the OSC or take any other action in this case.[3]

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[4] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

---

[2] The court provided plaintiffs with a lengthy list of authorities supporting the dismissal of a case for failure to prosecute or failure to comply with the court's Local Rules and orders. (OSC at 2-3.)

[3] The undersigned notes that the court's orders filed March 27, 2012, and June 1, 2012, have been returned to the court as undeliverable. However, plaintiffs have a duty to keep the court informed of their current addresses, and service of the court's orders at the addresses on record was effective. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." The undersigned also notes that plaintiffs have filed notices of change of address in the past, and appear to be familiar with the need to keep the court apprised of their current addresses.

[4] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

1  or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

2  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

3  may dismiss an action for failure to comply with any order of the court."), <u>cert. denied</u>, 506 U.S.

4  915 (1992); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

5  court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

6  amended petition), <u>cert. denied</u>, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

7  <u>See</u> E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

8  any order of the Court may be grounds for imposition by the Court of any and all sanctions

9  authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

10  Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

11  Procedure, the court's Local Rules, and other applicable law may support, among other things,

12  dismissal of that party's action).

13        A court must weigh five factors in determining whether to dismiss a case for

14  failure to prosecute, failure to comply with a court order, or failure to comply with a district

15  court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

16      (1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket; (3) the risk of prejudice

17      to the defendants; (4) the public policy favoring disposition of
    cases on their merits; and (5) the availability of less drastic

18      alternatives.

19  <u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th

20  Cir. 1995), <u>cert. denied</u>, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

21  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

22  way for a district judge to think about what to do."  <u>In re Phenylpropanolamine (PPA) Prods.</u>

23  <u>Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

24        Although involuntary dismissal can be a harsh remedy, the five relevant factors

25  weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

26  action.  Plaintiffs' case was already dismissed once before for failure to effectuate service of

3

1   process.  Despite the court's reopening of this case approximately six months after judgment was

2   entered, plaintiff's again failed to file the notice required by the court and failed to respond to the

3   OSC.  Plaintiffs' conduct, despite clear warnings of the consequences for failing to act, strongly

4   suggests that plaintiffs have abandoned this case or are not interested in seriously prosecuting it.

5   See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

6   expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

7   court on this case, which plaintiffs have demonstrated a lack of any serious intention to pursue,

8   will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963

9   F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets

10  without being subject to noncompliant litigants).  Indeed, this case has consumed the court's

11  resources since November 2009, and plaintiff have not even served a summons and complaint

12  yet.

13          In addition, the third factor, which considers prejudice to a defendant, should be

14  given some weight.  See Ferdik, 963 F.2d at 1262.  Although plaintiffs have not effectuated

15  service of the complaint and summons on the defendants, those defendants remain named in a

16  lawsuit that was filed in 2009.  It is difficult to quantify the prejudice suffered by the defendants

17  here; however, it is enough that the defendants have been named in a lawsuit that plaintiffs have

18  effectively abandoned.  At a minimum, the defendants have been prevented from attempting to

19  resolve this case on the merits by plaintiffs' unreasonable delay in prosecuting this action.

20  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA)

21  Prods. Liab. Litig., 460 F.3d at 1227.

22          The fifth factor, which considers the availability of less drastic measures, also

23  supports dismissal of this action.  As noted above, the court has actually pursued remedies that

24  are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

25  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

26  actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

4

1   <u>Malone v. Frank</u>, 488 U.S. 819 (1988).  The court reopened plaintiffs' closed case, provided

2   plaintiffs with time to notify the court whether they intended to serve their First Amended

3   Complaint or file a Second Amended Complaint, and granted plaintiffs an opportunity to explain

4   their failure to file the required notice.  Moreover, the court advised plaintiffs that they were

5   required to actively prosecute this action and follow the court's orders.  It also warned plaintiffs

6   in clear terms that failure to file a response to the OSC would result in a recommendation of

7   dismissal with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his

8   or her action on the merits will result in dismissal satisfies the requirement that the court consider

9   the alternatives.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district

10  court's warning to a party that his failure to obey the court's order will result in dismissal can

11  satisfy the 'consideration of alternatives' requirement.") (citing <u>Malone</u>, 833 F.2d at 132-33).  At

12  this juncture, the court finds no suitable alternative to a recommendation for dismissal of this

13  action.  This finding is supported by the fact that plaintiffs are proceeding in forma pauperis and

14  thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

15          The court also recognizes the importance of giving due weight to the fourth factor,

16  which addresses the public policy favoring disposition of cases on the merits.  However, for the

17  reasons set forth above, factors one, two, three, and five strongly support a recommendation of

18  dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

19  proper "where at least four factors support dismissal or where at least three factors 'strongly'

20  support dismissal."  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations

21  and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

22  outweigh the general public policy favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>,

23  963 F.2d at 1263.

24          For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiffs'

25  action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local

26  Rules 110 and 183(a).

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

3 days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b).

5 Such a document should be captioned "Objections to Magistrate Judge's Findings and

6 Recommendations." Any response to the objections shall be filed with the court and served on

7 all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

8 Failure to file objections within the specified time may waive the right to appeal the District

9 Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

10 1153, 1156-57 (9th Cir. 1991).

11    IT IS SO RECOMMENDED.

12 DATED: July 6, 2012

13

14

15 KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26